The Honorable Brent Haltom Prosecuting Attorney 8th Judicial District Miller County Courthouse Texarkana, Arkansas 71854
Dear Mr. Haltom:
This is in response to Deputy Prosecuting Attorney Carlton D. Jones' request for an opinion on the following question:
 May a `volunteer fire department' be established, exist and receive public funds without legislative action by the Quorum Court?
It is my opinion that the answer to your question is, in some circumstances, "yes."
As noted in Op. Att'y Gen. 96-114:
 Under Arkansas law, what is referred to as a `volunteer fire department' may take one of any number of legal forms. Such departments may be incorporated as purely private nonprofit corporations collecting dues or membership fees; as fire protection districts under A.C.A. §§ 14-284-101 et seq. or 14-284-201 et seq., or suburban fire improvement districts under A.C.A. § 14-92-201 et seq., all of which assess local benefits to be collected with ad valorem taxes; as a county `volunteer fire department' under A.C.A. § 14-20-108(c) or as a county created subordinate service district under A.C.A. §§ 14-13-708 and -709 (1987). In addition, although the statutes authorizing the creation of municipal fire departments do not refer to such departments as `volunteer' departments (see A.C.A. § 14-53-101), some municipalities routinely characterize their departments as such.
Id. at n. 2.
It is possible that a few of the types of fire departments listed above may be created and operated with "public funds" without action of the quorum court.[1] The first type mentioned is created as is any other nonprofit corporation, and the improvement districts, as a general matter, are created by a petition process and ultimately approved by the county court (county judge).
The quorum courts may have some authority over these entities, however, for example, with regard to the setting of service areas. See, e.g., A.C.A. § 14-284-207 (Supp. 1995). Reference to all the applicable laws pertaining to each kind of department would be necessary in order to fully understand the extent of a quorum court's authority with regard thereto.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The assessment of local benefits by fire improvement districts, to be collected with ad valorem taxes, might be construed as the receipt of "public funds." In addition, many volunteer fire departments, apparently including private nonprofit fire departments, receive a distribution of insurance premium tax moneys. The quorum court, however, has some regulatory authority over a rural volunteer fire department's receipt of these funds. See A.C.A. §§ 14-284-405 and -407.